UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE D.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C20-1747-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits from the alleged onset date of March 31, 2009 to July 24, 2013, the date plaintiff was granted benefits. The parties agree the ALJ's decision should be reversed but differ on whether the remand should be for further administrative proceedings or for calculation of benefits. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

In a 2015 memorandum disposition, the Ninth Circuit found that ALJ Stephanie Martz at step three failed to sufficiently explain the reasons for rejecting the testimony from a medical expert, Daniel Wiseman, M.D., that with the combined effects of plaintiff's impairments,

plaintiff would have very likely have met or medically equaled Listing 3.02(A) (Chronic Respiratory Disorders) as early as 2007. Tr. 762; *see* Tr. 430–34 (Dr. Wiseman's testimony). The Ninth Circuit further found that the ALJ's proffered reason for rejecting Dr. Wiseman's testimony regarding plaintiff's problems with obstruction and diffusing capacity was not supported by the record. Tr. 762. The case was remanded for further administrative proceedings because "[a]lthough the ALJ's reasoning lacks the requisite specificity and clarity, it is not clear from the administrative record that the ALJ would be required to award benefits if the evidence regarding the combined effects of [plaintiff's] impairments were properly considered and evaluated." Tr. 763.

On remand, a different ALJ, ALJ Glenn Meyers, held a hearing and issued a February 2019 decision that discounted Dr. Wiseman's reasoning by adopting the same reasons originally set forth by ALJ Martz. Tr. 911–15 (citing Tr. 788–92). After plaintiff filed a complaint with the district court, the parties agreed to remand the case to the ALJ. Tr. 924. On remand, the agency instructed the ALJ: " Further consider whether [plaintiff's] combined impairments meet or equal the medical requirements of a Listing in 20 CFR Part 404, Subpart P, Appendix 1, particularly Listing 3.02A. In so doing, reconsider the medical expert evidence regarding [plaintiff's] problems with obstruction and diffusing capacity . . . ." Tr. 930. But again, ALJ Meyers adopted the reasoning of ALJ Martz, as well as his own rationale from his prior vacated decision, and declined plaintiff's claims. Tr. 884–86.

## DISCUSSION

Plaintiff argues that the law of the case doctrine requires remand for calculation of benefits because an ALJ should not be permitted another opportunity to adopt ALJ Martz's reasons for rejecting Dr. Wiseman's opinion given those reasons have already been rejected by

the Ninth Circuit as insufficient. The Court finds the law of the case doctrine does not apply here and remands for further administrative proceedings. The Ninth Circuit did not conclude that proper consideration of Dr. Wiseman's opinion meant plaintiff satisfied Listing 3.02(A); in fact, it expressly found "it is not clear from the administrative record that the ALJ would be required to award benefits if the evidence regarding the combined effects of [plaintiff's] impairments were properly considered and evaluated." Tr. 763. The law of the case doctrine cannot be applied to repudiate the Ninth Circuit's explicit holding that Listing 3.02(A) had not been met.

In this case, the ALJ determined plaintiff did not meet any of the listings under 3.02 for chronic pulmonary insufficiency. Tr. 880–81. Listing 3.02 is met by achieving a certain level of pulmonary insufficiency as shown through lung function test results. A claimant of plaintiff's 63-inch height required a **FEV1** equal or less than **1.15**(L) to meet **3.02A**, **FVC** of **1.35**(L) to meet **3.02B**, and a single breath DLCO less than 10.5 ml/min/mm HG or less than 40 percent of predicted normal value to meet 3.02C. 20 C.F.R. 404, Subp. P, Appx. 1 (versions effective Feb. 2, 2009 to Sept. 2, 2013). Plaintiff's lung function test from **November 19, 2012**, which is between her alleged onset date and the date she was found disabled, showed that she did not satisfy the specific criteria in Listing 3.02. The results showed a post-bronchodilator FEV1 of **1.27**(L), FVC of **2.11**(L), and no results for a DLCO. Tr. 347, 406. The available numbers exceeded those required to establish that plaintiff meets Listing 3.02. That plaintiff's test numbers were close to the Listing requirement was of no consequence because the listing is a cutoff, not a range of values, and at step three an ALJ does not consider functional capacity at all. Functional impact is relevant at the fourth and fifth steps of the disability evaluation, "but not at the third step, where equaling a listing serves as a presumption of disability and automatically ends the inquiry." *Kennedy v. Colvin*, 738 F.3d 1172, 1177 (9th Cir. 2013). "Listed impairments

are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Id.* at 1176 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). Claimants are required to reach each criterion of the listing, rather than relying on overall functional impact. *Id.*

Plaintiff's **July 2014** lung function results reached listing level, with FEV1 of .99(L) meeting 3.02A, and DLCO of 10.02(ml/min/mmHg) meeting 3.02C. Tr. 492–93, 724. Based on those 2014 test results, taken a year after time period at issue, Dr. Wiseman testified:

> When you get FEVs that are that serious—when you get values that even though they were taken two years later are very clearly in the equaling—in the meeting category. The presumption is that she was very severely ill in 2012. And from the record, I would say very severely ill in 2009 or 2007.

Tr. 439. Dr. Wiseman opined "there's a high medical probability" that she was equivalent to the listing by the alleged onset date in 2009. Tr. 433. Relying on his understanding of the course of lung disease, Dr. Wiseman told the ALJ, "I don't expect from my understanding of these disorders that she could have been that much better in 2009, but I can't prove it." Tr. 439.

This inability to "prove it" makes Dr. Wiseman's testimony inapplicable to the strict criteria-based requirements of Listing 3.02. There is no category of Listing 3.02 that can be established with criteria other than lung function test results. Objective test result numbers establish the threshold for this Listing. While Dr. Wiseman gave the opinion that plaintiff was likely functioning at listing level as early as 2007, plaintiff's objective test results from 2012 demonstrate otherwise. *Kennedy* is instructive on the role of functional capacity in Listing analysis. Mr. Kennedy failed to meet one of the criteria of Listing 12.05C, which required an IQ score of 60 to 70, because he had an IQ score of 71. *Kennedy*, 738 F.3d at 1176. On appeal, Kennedy argued that his severe physical impairments compensated for the one-point difference

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

between his actual IQ score and the score required by the Listing. *Id.* The Ninth Circuit disagreed because "he has not demonstrated that he medically equals the IQ criterion of Listing 12.05C." *Id.* at 1777. Like *Kennedy*, plaintiff has not shown that she medically equals a listing. Dr. Wiseman's testimony does not overcome the fact that plaintiff's test results from the period at issue do not meet the objective requirements of Listing 3.02. Although Dr. Wiseman testified that "[t]he thing that's really important is what can she do?", such a functional inquiry has no bearing at step three of the sequential evaluation on the question of whether objective criteria have been met such that plaintiff would be presumed disabled without consideration of what she could actually do.

Both parties have good cause for frustration. Although the Ninth Circuit dismissed ALJ Martz's evaluation of Dr. Wiseman's opinion in a single paragraph, it did not explain how ALJ Martz's five-page analysis of Dr. Wiseman's opinion lacked "specificity and clarity." *Compare* Tr. 762 *with* Tr. 788–792. Similarly, plaintiff is reasonably aggrieved by ALJ Meyers's repeated, verbatim adoption ALJ Martz's reasons to discount Dr. Wiseman's opinion that were rejected by the Ninth Circuit. Regardless, plaintiff indicates no record evidence that supports the conclusion that plaintiff's lung-function test results during the relevant period met or medically equaled Listing 3.02. Under these circumstances, the Court declines to credit as true Dr. Wiseman's speculation that plaintiff met or medically equaled Listing 3.02 as early as 2007, despite the lack of confirming objective test numbers any time before 2014 and in contradiction to 2012 lung-function results.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) so the agency may refer this matter to a different ALJ for further administrative proceedings

On remand, the ALJ should independently consider whether plaintiff's combined impairments meet or equal the medical requirements of Listing 3.02 in 20 C.F.R. Part 404, Subpart P, Appendix 1. In doing so, the ALJ should reconsider the medical expert evidence regarding the claimant's problems with obstruction and diffusing capacity from the hearing dated January 27, 2015. Thereafter, if necessary, the ALJ should proceed with the sequential evaluation.

DATED this 25th day of August 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge